UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| INCORPORATED VILLAGE OF GARDEN CITY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 07-cv-5244 (JFB) (ETB) ) **Judge Bianco** |
| GENESCO INC. and GORDON-ATLANTIC CORP., | ) **Magistrate Judge Boyle** ) ) |
| Defendants. | ) |

## GENESCO INC.'S ANSWER TO THE COMPLAINT

Respectfully submitted,

s/Paul A. Alexis
Paul A. Alexis (E.D.N.Y. PA 4877)
Melissa Ballengee Alexander (E.D.N.Y. MA 8607)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Telephone: (615) 252-2385
Facsimile: (615) 252-6385
Email: palexis@ba-boult.com

James J. Periconi (E.D.N.Y. JP 3184)
Delight D. Balducci (E.D.N.Y. DB 6246)
Periconi, LLC
708 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 213-5500
Facsimile: (212) 213-5030
Email: dbalducci@periconi.com

*Attorneys for Defendant Genesco Inc.*

Defendant, Genesco Inc. ("Genesco") through its counsel, Bradley Arant Boult Cummings, LLP and Periconi, LLC, in response to the Complaint filed against it in this action states as follows:

1. Genesco admits that the Plaintiff seeks relief under the statutes set forth in paragraph 1 of the Complaint and the Court's supplemental jurisdiction but denies that the Plaintiff is entitled to such relief against Genesco. Genesco further specifically denies that it caused contamination of the public water supply. Genesco also denies any remaining factual allegations set forth in paragraph 1 of the Complaint.

2. With regard to the allegations set forth in the second sentence of paragraph 2 of the Complaint, Genesco admits that EPA currently considers PCE a toxic substance and hazardous waste but denies that PCE was known to be such at the time Knitfabs operated at 150 Fulton Avenue. Genesco lacks sufficient information to admit or deny the remaining allegations contained in the second sentence of paragraph 2, and those allegations are accordingly denied. Genesco denies the remaining allegations set forth in paragraph 2 of the Complaint.

3. Genesco admits the allegations set forth in paragraph 3 of the Complaint.

4. Genesco lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint, and those allegations are accordingly denied.

5. Genesco denies the last sentence of paragraph 5 of the Complaint. Genesco admits the remaining allegations set forth in paragraph 5 of the Complaint.

6. Genesco lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph 6 of the Complaint, and those allegations are accordingly denied. Genesco admits the allegations set forth in the second sentence of paragraph 6 of the Complaint.

7. Genesco admits that this Court properly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 to decide the remaining issues in the case. Genesco denies that jurisdiction is proper pursuant to 42 U.S.C. § 9607 because The Village's CERCLA claim is time barred. Genesco denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Genesco admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Genesco denies that venue is proper pursuant to 42 U.S.C. § 9613(b) because The Village's CERCLA claim is time barred. Genesco denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Genesco lacks sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint, and those allegations are accordingly denied.

10. Genesco lacks sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint, and those allegations are accordingly denied.

11. Genesco lacks sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint, and those allegations are accordingly denied.

12. Genesco admits the allegations set forth in paragraph 12 of the Complaint.

13. Genesco admits that Knitfabs operated a fabric cutting mill at the Site from approximately 1965 until 1969. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in the first sentence of paragraph 13 of the Complaint, and those allegations are accordingly denied. Genesco admits that there is evidence that beginning in 1969 there was a dry cleaning machine physically located at the Site. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in the second sentence of paragraph 13 of the Complaint, and those allegations are accordingly denied. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in the final sentence of paragraph 13 of the Complaint, and those allegations are accordingly denied.

14. Genesco admits that, upon information and belief, the site included an underground Class V injection well, as defined in 40 C.F.R. § 146.5(e)(4), to wit, drainage wells used to drain storm runoff into a subsurface formation. Genesco denies that the operations by Knitfab included the use of dry wells for the injection of wastes into a subsurface formation.

15. Genesco denies the allegations set forth in the first sentence of paragraph 15 of the Complaint. Genesco lacks sufficient information to admit or deny the allegations set forth in the final sentence of paragraph 15 of the Complaint, and those allegations are accordingly denied.

16. Genesco denies the allegations set forth in paragraph 16 of the Complaint.

17. Genesco denies the allegations set forth in paragraph 17 of the Complaint.

18. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 18 of the Complaint, and those allegations are accordingly denied.

19. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 19 of the Complaint, and those allegations are accordingly denied.

20. Genesco admits the allegations set forth in paragraph 20 of the Complaint, but denies that Genesco is responsible for the plume(s).

21. Genesco admits that, at some point, some one determined that PCE required additional treatment at the Village's supply wells. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 21 of the Complaint, and those allegations are accordingly denied.

22. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 22 of the Complaint, and those allegations are accordingly denied.

23. Genesco admits the allegations set forth in paragraph 23 of the Complaint.

24. Genesco admits the allegations set forth in paragraph 24 of the Complaint.

25. Genesco admits that, upon information and belief, the Site is one source of the PCE VOC contamination of the Aquifer, but denies that it was responsible for the disposal of any contaminants at the Site. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 25 of the Complaint, and those allegations are accordingly denied.

26. Genesco admits that it retained an environmental consulting firm, Environmental Resource Management ("ERM"), which conducted further investigation into the PCE contamination of the Aquifer and the Site. Genesco denies that its role is properly characterized as part of the "initial investigation," as the investigation began in 1986.

27. Genesco denies the allegations set forth in paragraph 27 of the Complaint.

28. The documents speak for themselves. However, Genesco admits that it has submitted reports to NYSDEC evidencing PCE contamination in the Site's soils, soil vapors, groundwater and sediments. Genesco denies that its reports demonstrate any liability on behalf of Genesco for that PCE contamination.

29. The documents speak for themselves. However, Genesco admits that its reports indicate that the Village's Supply Wells may be impacted by PCE emanating from the Site.

30. Genesco admits that in May 1993 NYSDEC placed the site on the Registry of Inactive Hazardous Waste Disposal Sites in New York State (the "Registry"). Genesco lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 30 of the Complaint, and those allegations are accordingly denied.

31. Genesco admits the allegations set forth in paragraph 31 of the Complaint.

32. Genesco admits the allegations set forth in paragraph 32 of the Complaint.

33. Genesco denies that it caused the release of PCE. Genesco admits the remaining allegations set forth in paragraph 33 of the Complaint.

34. Genesco admits the allegations set forth in paragraph 34 of the Complaint.

35. Genesco admits the allegations set forth in paragraph 35 of the Complaint.

36. Genesco admits the allegations set forth in paragraph 36 of the Complaint.

37. Genesco admits the allegations set forth in paragraph 37 of the Complaint.

38. EPA's plan was a proposed remedial action plan ("PRAP"), not an "interim plan." Genesco admits the remaining allegations set forth in paragraph 38 of the Complaint.

39. Genesco admits that EPA estimated the present worth cost of its proposed remedial action plan to be approximately $10,700,000. Genesco denies the remaining allegations set forth in paragraph 39 of the Complaint.

40. Genesco admits the allegations set forth in paragraph 40 of the Complaint.

41. Genesco denies the allegations set forth in paragraph 41 of the Complaint.

42. Genesco lacks sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 42 of the Complaint, and those allegations are accordingly denied. Genesco admits the allegations set forth in the second sentence of paragraph 42 of the Complaint.

43. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 43 of the Complaint, and those allegations are accordingly denied.

44. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 44 of the Complaint, and those allegations are accordingly denied.

45. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 45 of the Complaint, and those allegations are accordingly denied.

46. Genesco admits the allegations set forth in paragraph 46 of the Complaint.

47. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 47 of the Complaint, and those allegations are accordingly denied.

48. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 48 of the Complaint, and those allegations are accordingly denied.

49. Genesco denies the allegations set forth in paragraph 49 of the Complaint.

50. Genesco denies the allegations set forth in paragraph 50 of the Complaint.

51. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 51 of the Complaint, and those allegations are accordingly denied.

52. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 52 of the Complaint, and those allegations are accordingly denied.

53. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 53 of the Complaint, and those allegations are accordingly denied.

54. Genesco denies the allegations set forth in paragraph 54 of the Complaint.

55. Genesco denies the allegations set forth in paragraph 55 of the Complaint.

56. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 56 of the Complaint, and those allegations are accordingly denied.

57. Genesco denies the allegations set forth in paragraph 57 of the Complaint.

58. Genesco denies the allegations set forth in paragraph 58 of the Complaint.

59. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 59 of the Complaint, and those allegations are accordingly denied.

60. Genesco denies the allegations set forth in paragraph 60 of the Complaint.

61. Genesco denies the allegations set forth in paragraph 61 of the Complaint.

62. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 62 of the Complaint, and those allegations are accordingly denied.

63. Genesco lacks sufficient information to admit or deny the allegations set forth in the first sentence of paragraph 63 of the Complaint, and those allegations are accordingly denied. Genesco admits the allegations set forth in the remaining sentences of paragraph 63 of the Complaint.

64. Genesco admits the allegations set forth in paragraph 64 of the Complaint.

65. Genesco admits the allegations set forth in paragraph 65 of the Complaint.

66. Genesco admits that on or about November 15, 2006 the Village and Genesco executed a tolling agreement, which was later extended. Genesco further admits that, with a few typos, the Village has recited part of that tolling agreement. Genesco affirmatively states, however, that the Village did not file suit immediately after the expiration of the tolling agreement, and the Village's delay in filing suit moves the date the suit should be deemed brought to December 2, 2006.

67. Genesco disputes the characterization of the Record of Decision as an interim remedy, other than to the extent the remedy only addressed OU-1. Genesco admits the remaining allegations set forth in paragraph 67 of the Complaint.

68. Genesco disputes the characterization of the Record of Decision as an interim remedy, other than to the extent the remedy only addressed OU-1. Genesco admits the remaining allegations set forth in paragraph 68 of the Complaint

69. The document speaks for itself. However, Genesco admits that NYSDEC did not sign off on the ROD pending further review.

70. Because the Court has dismissed The Village's First Claim for Relief (RCRA) and The Village's Second Claim for Relief (SDWA), Genesco has no obligation to respond to paragraphs 70 through 90 of the Complaint.

91. Genesco reincorporates its answers to the allegations set forth in paragraphs 1-90 of the Complaint as though fully set forth herein.

92. Genesco admits the allegations set forth in paragraph 92 of the Complaint.

93. Genesco admits the allegations set forth in paragraph 93 of the Complaint.

94. Genesco admits the allegations set forth in paragraph 94 of the Complaint.

95. Genesco denies the allegations set forth in paragraph 95 of the Complaint.

96. Genesco admits the allegations set forth in paragraph 96 of the Complaint.

97. Genesco admits the allegations set forth in paragraph 97 of the Complaint.

98. Genesco denies the allegations set forth in paragraph 98 of the Complaint.

99. Genesco denies the allegations set forth in paragraph 99 of the Complaint.

100. Genesco lacks sufficient information to admit or deny the allegations set forth in paragraph 100 of the Complaint, and those allegations are accordingly denied.

101. Genesco denies that it caused the PCE contamination and that all response costs incurred and to be incurred by the Village are consistent with the National Contingency Plan. Genesco lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 101 of the Complaint, and those allegations are accordingly denied.

102. Genesco denies the allegations set forth in paragraph 102 of the Complaint.

103. Because the Court has dismissed The Village's Fourth, Fifth, Sixth and Seventh Claim for Relief (respectively Private Nuisance, Public Nuisance, Trespass and

Negligence), Genesco has no obligation to respond to paragraphs 103 through 142 of the Complaint.

143. Genesco reincorporates its answers to the allegations set forth in paragraphs 1-142 of the Complaint as though fully set forth herein.

144. Genesco denies the allegations set forth in paragraph 144 of the Complaint.

145. Genesco denies the allegations set forth in paragraph 145 of the Complaint.

146. Genesco denies the allegations set forth in paragraph 146 of the Complaint.

147. Genesco denies the allegations set forth in paragraph 147 of the Complaint.

148. Genesco denies the allegations set forth in paragraph 148 of the Complaint.

149. Genesco denies the allegations set forth in paragraph 149 of the Complaint.

150. Because the Court has dismissed The Village's Ninth Claim for Relief (Negligence Per Se), Genesco has no obligation to respond to paragraphs 150 through 161 of the Complaint.

162. Defendants hereby deny any remaining allegations contained within the Complaint that have not been expressly admitted.

## **FIRST DEFENSE**

163. The Complaint fails to state a claim upon which relief may be granted.

## FIRST AFFIRMATIVE DEFENSE

164. The Plaintiff's CERCLA claim is barred by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

165. The Plaintiff's claims are barred by a failure to mitigate.

## THIRD AFFIRMATIVE DEFENSE

166. The Plaintiff's claims are barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

167. Genesco is not liable under 42 U.S.C. §§ 9601, *et seq.* because it was not an owner or operator of the Site at the time of disposal of any hazardous substances at the Site.

## FIFTH AFFIRMATIVE DEFENSE

168. The costs incurred, or to be incurred by Plaintiff, which are referenced in the Complaint, are not response costs recoverable from Genesco within the meaning of 42 U.S.C. §§ 9601, *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

169. The costs incurred, or to be incurred by Plaintiff, are not consistent with the National Contingency Plan and therefore may not be recovered from Genesco pursuant to 42 U.S.C. §§ 9607.

## SEVENTH AFFIRMATIVE DEFENSE

170. At all times material to the allegations of the Complaint, Genesco acted with due care concerning any waste generated by it and disposed of at the Site, taking into account the characteristics of such waste or hazardous substance in light of all relevant facts and circumstances.

**EIGHTH AFFIRMATIVE DEFENSE**

171. Genesco is not liable pursuant to 42 U.S.C. § 9607(b)(3). At all times material to the allegations of the Complaint, (1) Genesco acted with due care, taking into account the characteristics of such hazardous substance in light of all relevant facts and circumstances; and (2) Genesco took precautions against foreseeable acts or omissions that could foreseeably result from such acts or omissions.

**NINTH AFFIRMATIVE DEFENSE**

172. At all times relevant to the Complaint, Genesco complied with all statutory and regulatory requirements concerning hazardous waste generation and disposal applicable at the time of Genesco's actions alleged to cause a "release" or "threatened release" of a hazardous substance. Therefore, Genesco is not liable to the Plaintiff for any of the claims set forth in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

173. Alternatively, to the extent Genesco has any liability (which Genesco expressly denies), the harm caused is divisible from other harm, and Genesco's liability should be, at minimum, limited.

**ELEVENTH AFFIRMATIVE DEFENSE**

174. Alternatively, to the extent Genesco has any liability (which Genesco expressly denies), the liability should be apportioned.

**TWELFTH AFFIRMATIVE DEFENSE**

175. Alternatively, to the extent Genesco has any liability (which Genesco expressly denies), Genesco should not be responsible for any of the "orphan shares."

176. Defendants reserve the right to plead additional defenses as appropriate based upon their investigation and discovery proceedings.

WHEREFORE, Genesco Inc. prays as follows:

A. That the Complaint be dismissed with prejudice;

B. That the Court defer to the primary jurisdiction of the administrative agencies;

C. That all court costs be taxed against The Village; and

D. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

s/ Paul A. Alexis
Paul A. Alexis (E.D.N.Y. PA 4877)
Melissa Ballengee Alexander (E.D.N.Y. MA 8607)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Telephone: (615) 252-2385
Facsimile: (615) 252-6385
Email: palexis@ba-boult.com

James J. Periconi (E.D.N.Y. JP 3184)
Delight D. Balducci (E.D.N.Y. DB 6246)
PERICONI, LLP
708 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 213-5500
Facsimile: (212) 213-5030
Email: dbalducci@periconi.com

*Attorneys for Defendant Genesco Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Daniel Riesel, Sive, Paget & Riesel, 460 Park Avenue, New York, New York 10022, and to Christopher J. McKenzie and Michael G. Murphy, Beveridge & Diamond, P.C., 477 Madison Avenue, 15th Floor, New York, New York 10022.

                                          s/Melissa B. Alexander
                                          Melissa B. Alexander