**BEVERIDGE & DIAMOND, P.C.**
Christopher J. McKenzie, Esq. (CM 2615)
Michael G. Murphy, Esq. (MM 5472)
Zackary D. Knaub (ZK 7830)
477 Madison Avenue
15th Floor
New York, NY 10022
(212) 702-5400

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INCORPORATED VILLAGE OF GARDEN
CITY,

                Plaintiff,

      vs.

GENESCO INC. and GORDON ATLANTIC
CORP.,

              Defendants.

:
:
:   CASE NO. 07-cv-5244 (JFB)(ETB)
:
:
:   ANSWER
:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Defendant Gordon Atlantic Corp. ("Gordon Atlantic" or "Defendant"), by and through its

attorneys, Beveridge & Diamond, answers the complaint (the "Complaint) of the Incorporated

Village of Garden City (the "Village" or "Plaintiff") as follows:

     1.    Paragraph One contains legal conclusions to which no responsive pleading is

required. To the extent a response is required, Defendant denies the allegations.

     2.    Inasmuch as the allegations contained in Paragraph Two of the Complaint refer

and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the

part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic is

without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

3.    Inasmuch as the allegations contained in Paragraph Three of the Complaint refer and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations, except that Gordon Atlantic denies the last sentence of Paragraph Three of the Complaint.

4.    Paragraph Four contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

5.    Paragraph Five contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations, except Gordon Atlantic admits that the 150 Fulton Avenue Property was leased to a predecessor or assignee of Genesco from 1964 through 1974.

6.    Gordon Atlantic admits that it is a New York corporation and that it owns property located at 150 Fulton Avenue, Garden City Park, North Hempstead, Nassau County, New York, Section 33, Block 158, Lot 327.  Gordon Atlantic denies the remaining allegations of Paragraph Six.

7.     Paragraph Seven contains legal conclusions to which no responsive pleading is required.

8.     Paragraph Eight contains legal conclusions to which no responsive pleading is required.

9.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine, and therefore denies those allegations.

10.    Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten, and therefore denies those allegations.

11.    Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven, and therefore denies those allegations.

12.    Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve, and therefore denies those allegations.

13.    Inasmuch as the allegations contained in Paragraph Thirteen of the Complaint refer and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen, and therefore denies those allegations..

14.    Inasmuch as the allegations contained in Paragraph Fourteen of the Complaint contain legal conclusions or refer and pertain to other Parties and do not appear to apply to

Gordon Atlantic, no response on the part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

15. Inasmuch as the allegations contained in Paragraph Fifteen of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

16. Inasmuch as the allegations contained in Paragraph Sixteen of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

17. Inasmuch as the allegations contained in Paragraph Seventeen of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

18. Gordon Atlantic denies the allegations of Paragraph Eighteen.

19. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nineteen, and therefore denies those allegations.

20. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty, and therefore denies those allegations.

21.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-One, and therefore denies those allegations.

22.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Two, and therefore denies those allegations.

23.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Three, and therefore denies those allegations.

24.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Four, and therefore denies those allegations.

25.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Five, and therefore denies those allegations.

26.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Six, and therefore denies those allegations.

27.     Inasmuch as the allegations contained in Paragraph Twenty-Seven of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

28.     Inasmuch as the allegations contained in Paragraph Twenty-Eight of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

29.     Inasmuch as the allegations contained in Paragraph Twenty-Nine of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

30.     Gordon Atlantic admits that the State of New York placed the site on the Registry of Inactive Hazardous Waste Disposal Sites in New York State. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Thirty, and therefore denies those allegations.

31.     Gordon Atlantic admits that the State of New York designated the site as "Class 2."  The remaining allegations contained in Paragraph Thirty-One of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies those allegations.

32.     Inasmuch as the allegations contained in Paragraph Thirty-Two of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

33.     Inasmuch as the allegations contained in Paragraph Thirty-Three of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

34. Gordon Atlantic admits that USEPA placed the site on the National Priorities List. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Thirty-Four, and therefore denies those allegations.

35. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirty-Five, and therefore denies those allegations.

36. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirty-Six, and therefore denies those allegations.

37. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirty-Seven, and therefore denies those allegations.

38. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirty-Eight, and therefore denies those allegations.

39. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Thirty-Nine, and therefore denies those allegations.

40. To the extent the allegations contained Paragraph Forty apply to Gordon Atlantic, Gordon Atlantic admits that it has not "committed to undertake responsibility for any remedial action the USEPA or NYSDEC ultimately may recommend." To the extent that the allegations apply to Parties other than Gordon Atlantic, no response on the part of Gordon Atlantic is required.

41. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-One, and therefore denies those allegations.

42. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Two, and therefore denies those allegations.

43.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Three, and therefore denies those allegations.

44.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Four, and therefore denies those allegations.

45.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Five, and therefore denies those allegations..

46.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Six, and therefore denies those allegations.

47.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Seven, and therefore denies those allegations.

48.     Gordon Atlantic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Forty-Eight, and therefore denies those allegations.

49.     To the extent the allegations contained Paragraph Forty-Nine apply to Gordon Atlantic, Gordon Atlantic denies those allegations.  To the extent that the allegations apply to Parties other than Gordon Atlantic, no response on the part of Gordon Atlantic is required.

50.     Inasmuch as the allegations contained in Paragraph Fifty of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

51.     Gordon Atlantic denies the allegations in Paragraph Fifty-One.

52.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Two, and therefore denies those allegations.

53.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Three, and therefore denies those allegations.

54.     Gordon Atlantic denies the allegations in Paragraph Fifty-Four.

55.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Five, and therefore denies those allegations.

56.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Six, and therefore denies those allegations.

57.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Seven, and therefore denies those allegations.

58.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Eight, and therefore denies those allegations.

59.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifty-Nine, and therefore denies those allegations.

60.     Inasmuch as the allegations contained in Paragraph Sixty of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required.  To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

61.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Sixty-One, and therefore denies those allegations.

62.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Sixty-Two, and therefore denies those allegations.

63.     To the extent the allegations contained Paragraph Sixty-Three apply to Gordon Atlantic, Gordon Atlantic denies those allegations. To the extent that the allegations apply to Parties other than Gordon Atlantic, no response on the part of Gordon Atlantic is required.

64.     To the extent the allegations contained Paragraph Sixty-Four apply to Gordon Atlantic, Gordon Atlantic answers that the content of the letter attached as Exhibit A to the Complaint speaks for itself. To the extent that the allegations apply to Parties other than Gordon Atlantic, no response on the part of Gordon Atlantic is required.

65.     To the extent the allegations contained Paragraph Sixty-Five apply to Gordon Atlantic, Gordon Atlantic answers that the content of the letter attached as Exhibit A to the Complaint speaks for itself. To the extent that the allegations apply to Parties other than Gordon Atlantic, no response on the part of Gordon Atlantic is required.

66.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Sixty-Six, and therefore denies those allegations.

67.     Gordon Atlantic admits that USEPA issued a Record of Decision for the site. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Sixty-Seven, and therefore denies those allegations.

68.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Sixty-Eight, and therefore denies those allegations.

69.     Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Sixty-Nine, and therefore denies those allegations.

### FIRST CLAIM FOR RELIEF
### (RCRA Injunctive Relief)

70.     Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through Sixty-Nine of the Complaint and incorporates them herein as if set forth in their

entirety. Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to First Claim For Relief (RCRA Injunctive Relief) is required. To the extent a response is required, Gordon Atlantic denies all such allegations.

71. *See* Paragraph Seventy, *supra.*

72. *See* Paragraph Seventy, *supra.*

73. *See* Paragraph Seventy, *supra.*

74. *See* Paragraph Seventy, *supra.*

75. *See* Paragraph Seventy, *supra.*

76. *See* Paragraph Seventy, *supra.*

77. *See* Paragraph Seventy, *supra.*

78. *See* Paragraph Seventy, *supra.*

79. *See* Paragraph Seventy, *supra.*

80. *See* Paragraph Seventy, *supra.*

## SECOND CLAIM FOR RELIEF
## (SDWA)

81. Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through Eighty of the Complaint and incorporates them herein as if set forth in their entirety. Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to Second Claim For Relief (SDWA) is required. To the extent a response is required, Gordon Atlantic denies all such allegations.

82. *See* Paragraph Eighty-One, *supra.*

83.  *See* Paragraph Eighty-One, *supra*.

84.  *See* Paragraph Eighty-One, *supra*.

85.  *See* Paragraph Eighty-One, *supra*.

86.  *See* Paragraph Eighty-One, *supra*.

87.  *See* Paragraph Eighty-One, *supra*.

88.  *See* Paragraph Eighty-One, *supra*.

89.  *See* Paragraph Eighty-One, *supra*.

90.  *See* Paragraph Eighty-One, *supra*.

### THIRD CLAIM FOR RELIF
### (CERCLA - Cost Recovery)

91.  Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through Ninety of the Complaint and incorporates them herein as if set forth in their entirety.

92.  Paragraph Ninety-Two contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

93.  Paragraph Ninety-Three contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

94.  Paragraph Ninety-Four contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

95.  Paragraph Ninety-Two contains legal conclusions to which no responsive pleading is required.  Moreover, inasmuch as the allegations contained in Paragraph Ninety-

Five of the Complaint refer to and pertain to other Parties and do not appear to apply to Gordon Atlantic, no response on the part of Gordon Atlantic is required. To the extent a response is required, Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

96. Paragraph Ninety-Six contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Gordon Atlantic denies the allegations, except that Gordon Atlantic admits that it is the record owner of the property located at 150 Fulton Avenue, Garden City Park, North Hempstead, Nassau County, New York.

97. Paragraph Ninety-Seven contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Gordon Atlantic denies the allegations.

98. Gordon Atlantic denies the allegations in Paragraph Ninety-Eight.

99. Paragraph Ninety-Nine contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Gordon Atlantic denies the allegations.

100. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph One-Hundred, and therefore denies those allegations.

101. Gordon Atlantic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph One-Hundred and One, and therefore denies those allegations.

102. Gordon Atlantic denies the allegations in Paragraph One-Hundred and Two.

## FOURTH CLAIM FOR RELIEF
### (Private Nuisance)

103.   Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Two of the Complaint and incorporates them herein as if set forth in their entirety.  Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to the Fourth Claim For Relief (Private Nuisance) is required.  To the extent a response is required, Gordon Atlantic denies all such allegations.

104.   *See* Paragraph One-Hundred and Three, *supra*.

105.   *See* Paragraph One-Hundred and Three, *supra*.

106.   *See* Paragraph One-Hundred and Three, *supra*.

107.   *See* Paragraph One-Hundred and Three, *supra*.

108.   *See* Paragraph One-Hundred and Three, *supra*.

109.   *See* Paragraph One-Hundred and Three, *supra*.

110.   *See* Paragraph One-Hundred and Three, *supra*.

111.   *See* Paragraph One-Hundred and Three, *supra*.

## FIFTH CLAIM FOR RELIEF
### (Public Nuisance)

112.   Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Eleven of the Complaint and incorporates them herein as if set forth in their entirety.  Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to the Fifth Claim For Relief

(Public Nuisance) is required.  To the extent a response is required, Gordon Atlantic denies all such allegations.

113.  *See* Paragraph One-Hundred and Twelve, *supra*.

114.  *See* Paragraph One-Hundred and Twelve, *supra*.

115.  *See* Paragraph One-Hundred and Twelve, *supra*.

116.  *See* Paragraph One-Hundred and Twelve, *supra*.

117.  *See* Paragraph One-Hundred and Twelve, *supra*.

118.  *See* Paragraph One-Hundred and Twelve, *supra*.

119.  *See* Paragraph One-Hundred and Twelve, *supra*.

## SIXTH CLAIM FOR RELIEF
### (Trespass)

120.  Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Nineteen of the Complaint and incorporates them herein as if set forth in their entirety.  Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to the Sixth Claim For Relief (Trespass) is required.  To the extent a response is required, Gordon Atlantic denies all such allegations.

121.  *See* Paragraph One-Hundred and Twenty, *supra*.

122.  *See* Paragraph One-Hundred and Twenty, *supra*.

123.  *See* Paragraph One-Hundred and Twenty, *supra*.

124.  *See* Paragraph One-Hundred and Twenty, *supra*.

125.  *See* Paragraph One-Hundred and Twenty, *supra*.

126.  *See* Paragraph One-Hundred and Twenty, *supra*.

127.  *See* Paragraph One-Hundred and Twenty, *supra*.

128.  *See* Paragraph One-Hundred and Twenty, *supra*.

129.  *See* Paragraph One-Hundred and Twenty, *supra*.

130.  *See* Paragraph One-Hundred and Twenty, *supra*.

131.  *See* Paragraph One-Hundred and Twenty, *supra*.

**SEVENTH CLAIM FOR RELIEF**
**(Negligence)**

132.  Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Thirty-One of the Complaint and incorporates them herein as if set forth in their entirety.  Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to the Seventh Claim For Relief (Negligence) is required.  To the extent a response is required, Gordon Atlantic denies all such allegations.

133.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

134.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

135.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

136.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

137.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

138.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

139.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

140.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

141.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

142.  *See* Paragraph One-Hundred and Thirty-Two, *supra*.

## EIGHTH CLAIM FOR RELIEF
### (Indemnification)

143.   Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Forty-Two of the Complaint and incorporates them herein as if set forth in their entirety.

144.   Gordon Atlantic denies the allegations in Paragraph One-Hundred and Forty-Four.

145.   Paragraph One-Hundred and Forty-Five contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

146.   Paragraph One-Hundred and Forty-Six contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

147.   Paragraph One-Hundred and Forty-Seven contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

148.   Paragraph One-Hundred and Forty-Eight contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

149.   Paragraph One-Hundred and Forty-Nine contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Gordon Atlantic denies the allegations.

## NINTH CLAIM FOR RELIEF
### (Negligence Per Se)

150.   Gordon Atlantic repeats its responses to the allegations contained in Paragraphs One through One-Hundred and Forty-Nine of the Complaint and incorporates them herein as if set forth in their entirety.  Gordon Atlantic further answers that this claim has been dismissed pursuant to the Order of Judge Joseph F. Bianco in the above-captioned action dated January 27, 2009 and, therefore, no response to the allegations pertaining to the Ninth Claim For Relief (Negligence Per Se) is required.  To the extent a response is required, Gordon Atlantic denies all such allegations.

151.   *See* Paragraph One-Hundred and Fifty, *supra*.

152.   *See* Paragraph One-Hundred and Fifty, *supra*.

153.   *See* Paragraph One-Hundred and Fifty, *supra*.

154.   *See* Paragraph One-Hundred and Fifty, *supra*.

155.   *See* Paragraph One-Hundred and Fifty, *supra*.

156.   *See* Paragraph One-Hundred and Fifty, *supra*.

157.   *See* Paragraph One-Hundred and Fifty, *supra*.

158.   *See* Paragraph One-Hundred and Fifty, *supra*.

159.   *See* Paragraph One-Hundred and Fifty, *supra*.

160.   *See* Paragraph One-Hundred and Fifty, *supra*.

161.   *See* Paragraph One-Hundred and Fifty, *supra*.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute or statutes of limitations, or other applicable law, rule, statute or regulation controlling or requiring the institution of suit within a certain period of time following their accrual.

## THIRD DEFENSE

Plaintiff's claims against Gordon Atlantic are barred by the doctrines of laches, estoppel, unclean hands, or other equitable defenses.

## FOURTH DEFENSE

Plaintiff has waived its claims.

## FIFTH DEFENSE

Any injuries or damages allegedly sustained were caused in whole or in part by the sole, contributory and/or comparative negligence and/or acts or omissions of parties over whom Gordon Atlantic exercised no control or responsibility.

## SIXTH DEFENSE

Any injuries or damages were not the proximate result of any alleged conduct, acts or omissions of Gordon Atlantic.

## SEVENTH DEFENSE

Any injuries or damages were caused by the unforeseeable, superseding or intervening acts of third parties over whom Gordon Atlantic had no control or responsibility.

## EIGHTH DEFENSE

Gordon Atlantic neither owned, operated nor asserted any control over any hazardous wastes from or the property occupied by Defendant Genesco, Inc., and is, therefore, not responsible for any allegedly hazardous substances that may have been stored or disposed of on the property or elsewhere.

## NINTH DEFENSE

Plaintiff's claims are limited and/or barred to the extent Plaintiff has failed to join all interested, required, necessary and/or indispensable parties.

## TENTH DEFENSE

At all times, Gordon Atlantic acted with due care, complied with all applicable laws, regulations and standards, and conducted itself reasonably and prudently under the circumstances.

## ELEVENTH DEFENSE

The liability of Gordon Atlantic, if any, must be reduced by the percentages of liability and/or contributions to the alleged harm caused by other defendants to this litigation and/or unnamed parties.

## TWELFTH DEFENSE

Plaintiff's own negligence or misconduct resulted in the damages it now seeks to recover from Gordon Atlantic.

## THIRTEENTH DEFENSE

Plaintiff's claims against Gordon Atlantic are arbitrary and capricious.

## FOURTEENTH DEFENSE

Plaintiff's damages or injuries, if any, were not caused by Gordon Atlantic.

## FIFTEENTH DEFENSE

Gordon Atlantic did not breach any duty owed to Plaintiff.

## SIXTEENTH DEFENSE

Gordon Atlantic had no duty to Plaintiff and could not reasonably foresee the risk of damages or injuries to Plaintiff.

## SEVENTEENTH DEFENSE

The damages sought by Plaintiff are too speculative to fairly calculate.

## EIGHTEENTH DEFENSE

The damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that it assumed the risk.

## TWENTIETH DEFENSE

If it is determined that Gordon Atlantic engaged in any of the activities alleged in the Complaint, which Gordon Atlantic denies, such activities were *de minimis* and not the cause of any damages or injuries alleged to have been sustained by Plaintiff.

## TWENTY-FIRST DEFENSE

Plaintiff's alleged costs are not recoverable response costs and/or are not consistent with the National Contingency Plan and therefore are not recoverable against Gordon Atlantic pursuant to 42 U.S.C. § 9601 *et seq*.

## TWENTY-SECOND DEFENSE

Gordon Atlantic adopts and incorporates herein all Defenses raised by any other Defendant in this action, except to the extent that such defenses would shift liability to Gordon Atlantic.

**WHEREFORE**, Gordon Atlantic respectfully requests the entry of judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, together with the award of attorneys' fees and costs of suit, and such other and further relief as the Court deems equitable and just.

DATED:  February 24, 2009

Respectfully submitted,

s/ Christopher J. McKenzie
Christopher J. McKenzie, Esq. (CM 2615)
Michael G. Murphy, Esq. (MM 5472)
Zackary D. Knaub (ZK 7830)
477 Madison Avenue
15th Floor
New York, NY 10022
Tel. (212) 702-5400
*Attorneys for Defendant Gordon Atlantic Corp.*

98175v3 NewYork 003472