SIVE PAGET & RIESEL P.C.

David Yudelson
Direct Dial: (646) 378-7219
dyudelson@sprlaw.com

June 22, 2011

**Via ECF and Email**
Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Incorporated Village of Garden City v. Genesco Inc., et al.*, 07 CV 5244
*United States v. Genesco Inc.*, CV 09 3917; DOJ Ref. No. 90-11-2-09329

Your Honor:

As you may recall, we represent the Plaintiff, the Village of Garden City (the "Village") in the first of the above referenced litigations (the "Village Action") presently pending before you, and have a significant interest in the second of the two above referenced actions (the "EPA Action"). The Village believes that a global settlement of these two actions is achievable and would avoid protracted litigation.

As you may also recall, the Village is negotiating a settlement with Genesco, the defendant in both actions. Genesco and the Village have made substantial progress on resolving the technical issues relating to the protection of the Village's potable water production wells. We also have had recent discussions with Gordon Atlantic (the second defendant in the Village Action) but until the United States renders a determination on Gordon Atlantic's ability to pay submission to EPA, settlement discussions on Gordon Atlantic's settlement of the Village actions are stalled.

The United States has not responded to our requests to discuss a global resolution. We received United States' motion to enter the Consent Judgment, lodged over a year and a half ago.

A central issue is any potential differences between the Consent Judgment which, *inter alia*, relates to the protection of the Village wells, and the Village-Genesco tentative settlement. The Village would like to discuss a procedure for the coordination of the terms of the Village-Genesco settlement and the EPA Action at the forthcoming conference (scheduled for June 27, 2011), and therefore requests permission to do so.

In the interest of achieving a global resolution the Village also would like to discuss how the Court might encourage the United States to make a determination on Gordon Atlantic's ability to pay submission to EPA which was submitted to EPA over two years ago. This delay has resulted in Gordon Atlantic's inability to settle the Village's claim for response costs, undoubtedly complicates Genesco's closing with the Village on monetary issues and leaves uncertainty as to future claims by Gordon Atlantic.

The Village is reluctant to complicate these settlement proceedings by reaching across Docket numbers. However, the Assistant United States Attorney has instructed the Village's attorneys not to communicate with the Regional EPA lawyers, who have the requisite knowledge and background to assist in bringing these matters to a conclusion. Accordingly, and as requested in our prior submissions to the Court dated May 9, 2011 and May 13, 2011, the Village respectfully requests an opportunity to address, under whatever mechanism the Court prefers, all of the above issues prior to the entry of the Consent Judgment.

It is our understanding that Genesco and Gordon Atlantic are in agreement with the contents of this letter.

Respectfully,

David Yudelson

cc: Hon. E. Thomas Boyle
Paul A. Alexis, Esq.
Melissa Alexander, Esq.
James Periconi, Esq.
Delight D. Balducci, Esq.
Michael Murphy, Esq.
R. Kambic, Esq., US DOJ